IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WACHOVIA BANK, N.A. | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:09CV222-HSO-JMR |
| | § | |
| STEPHEN R. COLSON, *et al.* | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## REMANDING CASE TO STATE COURT

BEFORE THE COURT, *sua sponte,* is the matter of this Court's subject matter jurisdiction over this case. In its Order [69] entered May 19, 2009, the Court questioned its subject matter jurisdiction over this case, and ordered the parties to show cause on or before June 3, 2009, as to why this case should not be remanded to the Harrison County Chancery Court for lack of subject matter jurisdiction, due to the intervention of right of non-diverse Defendant Sandion d/b/a Coldwell Banker United, Realtors. *See* Show Cause Order [69], at pp. 7-8. Responses to the Order were filed by Plaintiff Wachovia Bank, N.A. [70],[1] by Defendant Lawyers Title Insurance Corporation [80], and by Defendant Advanced Title & Escrow, LLC [77], which was joined by Defendants Prestige Title, Inc. [79], Prestige Insurance Agency, Inc. [81], [82], and by Denada Investments, LLC [83]. Having considered the record as a whole, along with the parties' Responses and the relevant legal authority, the

---

[1] In Wachovia Bank, N.A.'s, Response to the Court's Show Cause Order, it states that it "is an innocent stakeholder and, therefore, will not present briefs either in opposition to or in favor of remand as it desires only a *jurisdictionally* sufficient order of discharge once all parties are present." Wachovia's Resp., at p. 1 (emphasis added).

Court is of the opinion that this case must be remanded to the Chancery Court of Harrison County, Mississippi.

I. DISCUSSION

Lawyers Title's and Advanced Title's arguments rely on rules of statutory interpleader versus Rule 22, or equitable, interpleader. Lawyers Title maintains that this case meets the requirements of statutory interpleader, and that remand is therefore inappropriate. Advanced Title contends that the Court can convert a Rule 22 interpleader into a statutory interpleader, such that remand would not be required. *See* Advanced Title's Resp., at p. 2.

Though Lawyers Title's asserts otherwise, the question presented is not whether the interpleader action by Wachovia *could* have been brought as a statutory interpleader action, but whether it actually was. As Plaintiff, Wachovia is master of its Complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (holding that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.... The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.") (internal citations omitted). A review of Wachovia's Complaint reveals that this action was clearly brought as an equitable, rather than a statutory, interpleader. Defendant Prestige Title, Inc.'s, removal of this case, which was joined by Lawyers Title, invoked solely this Court's diversity jurisdiction, citing 28 U.S.C. §§ 1332 and 1441. *See* Notice of

Removal, at p. 2.

Advanced Title does not dispute that Wachovia filed an equitable interpleader action. Rather, it cites a Southern District of New York case that held that the plaintiff in that case could have converted its statutory interpleader into a rule interpleader, *see* Advanced Title's Mem. in Supp. of its Resp. (*citing Indem. Ins. Co. v. Romagnoli,* 2002 WL 922170, *2 (S.D.N.Y. 2002), for the proposition that this Court can and should do the reverse, that is convert this equitable interpleader into a statutory interpleader action, and then retain jurisdiction. The Court has been pointed to no controlling authority for this proposition, and is not persuaded that it has the authority to take such a step.

Because this case involves Rule 22, or equitable, interpleader, complete diversity is required. *See Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 635 n.46 (5th Cir. 2002) (noting that "[s]ection 1332 jurisdiction under Rule 22 (rule interpleader) requires: (1) complete diversity of citizenship, which is met when the stakeholder is diverse from all the claimants, even if citizenship of the claimants is not diverse; and (2) an amount-in-controversy that exceeds $75,000 exclusive of interest and costs.") (*citing* 4 Moore's Federal Practice § 22.04[2][a]); *see also Lindsay v. Ford Motor Co.,* 41 F.3d 664, 1994 WL 684970 (5th Cir. 1994) (*citing* 28 U.S.C. § 1335; *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (U.S. 1806)). As the Court noted in its Show Cause Order, Plaintiff Wachovia is a North Carolina citizen. Intervenor/Defendant Sandion, a Texas general partnership, d/b/a Coldwell Banker United, Realtors, is likewise a North Carolina citizen. *See* Notice of

Removal, at p. 2; Aff. of William O'Connor, at p. 1, attached as Ex. "C" to Sandion's Declaration of Citizenship [66].[2]

Diversity jurisdiction is generally determined at the time of filing, or, in a case removed from state court, at the time of removal. *See Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001). "[M]ost post-removal developments–amendment of pleadings to below jurisdictional amount or change in citizenship of a party–will not divest the court of jurisdiction but an addition of a nondiverse defendant will do so." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (*citing IMFC Professional Services of Florida v. Latin American Home Health, Inc.*, 676 F.2d 152, 157-58 (5th Cir. 1982)). The Court is of the opinion that the intervention as of right of the indispensable Defendant Sandion has destroyed diversity jurisdiction in this case. Because the Court now lacks subject matter jurisdiction, remand is required pursuant to 28 U.S.C. § 1447(c).

## II. CONCLUSION

The Court recognizes that, based on the facts of this case and other related pending litigation, its decision may work an inconvenient result. There is a pending Joint Motion to Consolidate [26] this case with another case pending in this Court, *Lawyers Title Ins. Corp. v. Prestige Title, Inc., et al.*, 1:09cv170-HSO-JMR. However,

---

[2] Because Sandion is a general partnership, the Court must look to the citizenship of its partners to determine whether there is complete diversity. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990) (holding that federal court must look to citizenship of partnership's limited, as well as its general, partners to determine whether there is complete diversity). Pursuant to the Declarations filed in this case, Sandion is a citizen of Texas, Florida, and North Carolina. *See id.*; Decls. of Richard A. Smith, Denis McKinnon, and William O'Connor, attached as Exs. "A," "B," and "C" to Sandion's Decl. of Citizenship [66].

this Court cannot assume jurisdiction where none exists, and is not persuaded that the authorities which have been cited to the Court support the retention of it here. After reviewing the relevant pleadings and evidence on file, as well as the applicable law, and for the reasons more fully stated herein, the Court finds that remand to state court is required.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the above-captioned cause is hereby remanded to the Chancery Court of Harrison County, Mississippi, Second Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, any remaining pending motions are hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 9th day of June, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE